IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,722






EX PARTE EUGENE IVORY HENTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0542298AR IN THE CRIMINAL DISTRICT COURT


NUMBER THREE FROM TARRANT COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance, namely: cocaine, and was sentenced to forty-two years'
imprisonment. His appeal was affirmed by the Second Court of Appeals. Henton v. State, No. 02-95-170-CR (Tex. App.-Ft. Worth, delivered August 18, 1996, pet. ref'd).

 Applicant contends that his punishment is illegal due to a void conviction used to enhance his
punishment. 

 Applicant was indicted for possession with intent to deliver cocaine. The indictment listed
four previous convictions that were available for enhancement purposes: a robbery conviction, a
possession with intent to deliver cocaine conviction, a sexual assault conviction, and a burglary of a
building conviction. The robbery and possession with intent to deliver convictions were alleged for
the first enhancement and the sexual assault conviction and the burglary of a building conviction were
alleged as the habitual enhancement. Due to the dates these convictions became final, only one of
the first two and one of the second two could have been used as habitual punishment enhancements. 
The prosecution decided to go forward with the robbery conviction and the sexual assault conviction
as the habitual enhancement paragraphs. The burglary of a building conviction was introduced solely
as a prior felony at the punishment hearing. Applicant stood mute on the enhancement counts. The
jury at punishment found the robbery and sexual assault convictions to be true and sentenced
Applicant to forty-two years' imprisonment.

 After his conviction in the instant case, Applicant successfully challenged the sexual assault
conviction based on actual innocence. This Court vacated his sexual assault conviction. Ex Parte
Henton, AP-75,344 (Tex. Crim. App., delivered February 15, 2006).

 Applicant was subjected to the habitual range of punishment. Even without the sexual assault
conviction, Applicant could have been subjected to the same range of punishment due to his other
conviction for burglary of a building. The use of the sexual assault conviction was harmless error as
to the range of punishment. However, the prosecution in Applicant's punishment hearing argued he
deserved a harsher punishment due to his violent past offenses, including sexual assault. The trial
court conducted a harm analysis under Ex Parte Fierro, 934 S.W.2d 370, 375 (Tex. Crim. App.
1996), finding that due to the nature of the void offense, the extent the error was emphasized by the
State, and how much weight the jurors would place on the error, Applicant had shown that the error
harmed him and contributed to his punishment by a preponderance of the evidence. We agree. We
find, therefore, that Applicant is entitled to relief.

 Relief is granted. The sentence in Cause No. 0542298AR in the Criminal District Court
Number Three of Tarrant County is set aside, and Applicant is remanded to the sheriff of Tarrant
County for a new punishment hearing.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: June 27, 2007

Do Not Publish